IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:18-CV-338 |
| v. ) | |
| ) | |
| ASHLEY DISTRIBUTION SERVICES, ) | |
| LTD., ) | |
| ) | |
| Defendant. ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's complaint alleged Defendant discriminated against Farrell Welch by failing to hire him because of a perceived disability, in violation of the ADA.

The Commission, and the Defendant, Ashley Distribution Services, Ltd. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.  The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by failing to hire or by discharging an employee because of an actual or perceived disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, because of a perceived disability, request for reasonable accommodation of a disability, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Before rescinding a conditional offer of employment or terminating an employee with an actual or perceived disability (as those terms are defined by the ADA) due to an actual or perceived safety risk related to his or her disability, Defendant shall first conduct an individualized assessment in accordance with 29 C.F.R. §1630.2(r). Defendant may utilize a medical provider of its choice for this purpose. If an applicant refuses to participate in a post-offer medical examination as set forth in this paragraph, Defendant can rescind its conditional offer of employment. If an employee is selected for evaluation by a licensed medical professional of Defendant's choosing, such evaluation must be in

strict compliance with the Commission's guidance on disability-related inquiries and medical examinations of employees and the Commission's guidance on reasonable accommodation under the ADA, and all costs associated with the evaluation must be paid by Defendant. Nothing in this paragraph is intended to apply to employees who are removed from employment with Defendant due to job abandonment or voluntary resignation.

4. Defendant shall pay Farrell Welch the sum of Seventy-Five Thousand Dollars ($75,000.00) in settlement of the claims raised in this action. The settlement payment shall consist of one check representing backpay in the amount of $2,968.75 made payable to Farrell Welch, minus applicable withholdings, and one check payable to Farrell Welch representing nonpecuniary compensatory damages in the amount of $72,031.25, which shall be reported in an IRS Form 1099. Payment shall be made within fifteen (15) business days after the Court approves this Consent Decree, and Defendant shall mail the checks to Farrell Welch at an address provided by the Commission. Within ten (10) business days after the checks have been sent, Defendant shall send to the Commission, a copy of the checks and proof of their delivery to Farrell Welch. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Farrell Welch may or may not incur on such payments under local, state and/or federal law.

5. Defendant agrees to pay the U.S. Department of Treasury Five-Hundred Forty-Five Dollars ($545.00) for violation of Section 711(b) of Title VII.

6. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Farrell Welch any and all documents, entries, or references of any kind that reflect the filing of EEOC Charge Number 435-2017-00038 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

7. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following:

   a. an explanation of the requirements of the federal equal employment opportunity laws, including: the ADA and its prohibition against discrimination based on disability or perceived disability; its requirement to provide a reasonable accommodation to qualified applicants and employees with disabilities; its requirement that employers and employees engage in an interactive process to determine what, if any, reasonable accommodation can be provided for individuals with actual physical or mental impairments; and a list of examples of different types of job modifications that may qualify as reasonable accommodations under the ADA, such as making existing facilities used by employees readily accessible to and usable by persons with disabilities, job restructuring, modifying work schedules, telework, reassignment to a vacant position, acquiring or modifying equipment or devices, adjusting or modifying examinations, training materials, or policies, and providing qualified readers or interpreters;

   b. a procedure for the consideration of requests for reasonable accommodation of persons with disabilities; and

   c. a procedure for conducting an individualized assessment of any actual or perceived safety risk before rescinding a conditional offer of employment or before terminating an employee with an actual or perceived disability, as that term is defined by the ADA, in accordance with 29 C.F.R. §1630.2(r).

Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. Once adopted and implemented, during the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire or during employee orientation.

8. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in each of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9. During the term of this Consent Decree, Defendant shall provide annual training to all of its Human Resources employees as well as the managers and supervisors-responsible for recommending or making decisions to hire and/or fire employees. Each training program shall include an explanation of the requirements of the ADA, including the provision of reasonable accommodations to qualified applicants or employees with disabilities, its prohibition against discriminating against employees with actual or perceived disabilities, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Advance, North Carolina facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A. The identity of each applicant for employment at its Advance, North Carolina facility who Defendant denied hire after becoming aware that the applicant has a physical or mental impairment, injury, or condition and where such knowledge was a consideration in Defendant's decision to deny employment, including by way of identification each applicant's name, address, telephone number, and position sought;

B. The identity of each applicant for employment who was denied hire at its Advance, North Carolina facility after requesting a reasonable accommodation that was denied by Defendant, including by way of identification each applicant's name, address, telephone number, and position sought;

C. For each individual identified in response to 11.A. and 11.B. above, the date on which each such individual was denied hire; and

D. For each individual identified in response to 11.A. and 11.B. above who was denied hire, explain why Defendant declined to hire to each such individual and identify all individual(s) (name, position, telephone number) who recommended or made the decision not to hire the individual.

Defendant shall provide the social security number of an individual identified in response to 11.A. and/or 11.B. within seventy-two (72) hours of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect the Advance, North Carolina facility for postings pursuant to paragraphs 8 and 10 above without advance notice to Defendant or its attorneys. The Commission may interview employees and copy documents upon two business days' notice to William L. Duda at bill.duda@ogletree.com.

13. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations unless additional time is otherwise agreed to between them. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: William L. Duda at bill.duda@ogletree.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) <u>EEOC-CTDO-decree-monitoring@eeoc.gov</u>; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the 10th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff


**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (N.C. Bar 26192)
Regional Attorney


**/s/ Yolanda W. Brock**
YOLANDA W. BROCK (N.C. Bar 36651)
Trial Attorney
Email: yolanda.brock@eeoc.gov
U.S. EEOC Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 954-6463 (direct dial)
Facsimile: (704) 954-6412

ASHLEY DISTRIBUTION SERVICES, LTD., Defendant

**/s/ John Allen Thomas**
John Allen Thomas
OGLETREE DEAKINS
(N.C. Bar ID No. 40119)
Email: allen.thomas@ogletree.com
4208 Six Forks Road,
Suite 1100,
Raleigh, NC, 27609
Telephone: 919-789-3177
Facsimile: 919-783-9412

**/s/ Willam L. Duda**
William L. Duda
OGLETREE DEAKINS
(S.C. Bar ID No. 68631)
Email: william.duda@ogletree.com
First Base Building
2142 Boyce St., Ste. 401
Columbia, SC 29201
Telephone: (803) 252-1300
Facsimile: (803) 254-6517

**COUNSEL FOR DEFENDANT**

**EXHIBIT A**



# EMPLOYEE NOTICE

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Ashley Distribution Services, Ltd. ("Ashley Distribution").

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's disability, sex, race, color, religion, national origin, or age (40 or older). Federal law also requires that employers provide reasonable accommodation to qualified individuals with a disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Ashley Distribution will comply with such federal laws in all respects. Furthermore, Ashley Distribution will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission  
131 M. Street, NE  
Washington, DC 20507  
TEL: 1-800-669-4000  
TTY: 1-800-669-6820

This Notice will remain posted for at least two years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2021.